IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMY TRAMMELL, Individually and for Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>ADITI CONSULTING LLC, a Washington limited liability company,<br><br>        Defendant. | Case No. _____<br><br>ORIGINAL<br>COLLECTIVE ACTION<br>COMPLAINT<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

ORIGINAL COLLECTIVE ACTION COMPLAINT

Summary

1.      Jeremy Trammell (Trammell) brings this collective action lawsuit to recover unpaid overtime wages and other damages from Aditi Consulting LLC (Aditi).

2.      Aditi employed Trammell as one of its Straight Time Employees (defined below).

3.      Aditi paid Trammell and the other Straight Time Employees by the hour.

4.      Trammell and the other Straight Time Employees regularly work more than 40 hours a workweek.

5.      But Aditi does not pay them overtime wages for hours worked in excess of 40 a workweek.

ORIGINAL COMPLAINT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

6.      Instead, Aditi pays Trammell and the other Straight Time Employees the same hourly rate for all hours worked, including hours worked in excess of 40 a workweek ("straight time for overtime").

7.      Aditi uniformly misclassifies Trammell and the other Straight Time Employees as exempt from overtime.

8.      But Aditi never paid Trammell or the other Straight Time Employees on a "salary basis."

9.      Aditi's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) by depriving Trammell and the other Straight Time Employees of the "time and a half" overtime pay they are owed for all hours worked in excess of 40 each workweek.

## JURISDICTION & VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11.     This Court has general personal jurisdiction over Aditi because Aditi is a domestic limited liability company and maintains its principal place of business in Bellevue, Washington.

12.     Venue is proper because Aditi maintains its principal place of business in Bellevue, Washington, which is in this District and Division. 28 U.S.C. 1391(b)(1).

## PARTIES

13.     Trammell worked for Aditi as a manufacturing engineer from approximately January 2023 to August 2024.

14.     Throughout his employment, Aditi paid Trammell the same hourly rate for all hours worked, including hours worked in excess of 40 a workweek.

15.     Trammell's written consent is attached as Exhibit 1.

16.     Trammell brings this action on behalf of himself and all other similarly situated employees who Aditi paid under its straight time for overtime pay scheme.

17.     Aditi paid each of these employees the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek.

ORIGINAL COMPLAINT - 2

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

18.    The FLSA Collective of similarly situated employees is defined as:

> All Aditi employees who were paid the same hourly rate for all hours worked, including hours worked in excess of 40 (straight time for overtime), at any time during the past 3 years ("Straight Time Employees").

19.    Aditi is a Washington limited liability company that maintains its headquarters in Bellevue, Washington.

20.    Aditi is registered to do business in Washington.

21.    Aditi may be served with process by serving its registered agent: The Apex Law Group PLLC, 200 1st Ave. W., Ste. 320, Seattle, Washington 98119.

COVERAGE UNDER THE FLSA

22.    At all relevant times, Aditi was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

23.    At all relevant times, Aditi was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

24.    At all relevant times, Aditi was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as cell phones, computers, and PPE, that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

25.    At all relevant times, Aditi has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

26.    At all relevant times, the Straight Time Employees were Aditi's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

27.    At all relevant times, the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

ORIGINAL COMPLAINT - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

FACTS

28.    Aditi is an engineering staffing company "[w]ith over 2000 employees [and] services 70+ Fortune 500 and emerging clients across three continents . . . deliver[ing] tangible results through [its] broad range of services."[1]

29.    To meet its business objectives, Aditi hires employees, like Trammell and the other Straight Time Employees, that it "staffs" to its clients.

30.    Aditi pays the Straight Time Employees by the hour.

31.    The Straight Time Employees are routinely required to work more than 40 hours a workweek.

32.    Instead of paying the Straight Time Employees at 1.5 times their regular rates of pay for hours worked in excess of 40 a workweek, Aditi pays them same hourly rate for all hours worked.

33.    While exact job titles and job duties may differ, these employees are subjected to the same or similar pay practice for similar work, Aditi's straight time for overtime pay scheme.

34.    For example, Trammell worked for Aditi as a manufacturing engineer from approximately January 2023 to August 2024 in South Carolina.

35.    As a manufacturing engineer, Trammell's primary job duties included designing, integrating, implementing, maintaining, and repairing manufacturing systems producing industrial equipment for Aditi's clients.

36.    Trammell typically worked 5 to 7 days a week for 10 to 12 hours a day (50 to 84 hours a workweek).

37.    Aditi paid Trammell under its straight time for overtime pay scheme.

38.    Specifically, Aditi required Trammell to record his hours worked via its designated timekeeping system and paid him the same hourly rate, $50 an hour, for all hours worked, including hours worked in excess of 40 a workweek.

---

[1] https://www.aditiconsulting.com/culture (last visited January 16, 2025).

ORIGINAL COMPLAINT - 4

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

39.     For example, during the January 16 to 31, 2024 pay period, Trammell worked 102.93 hours, and Aditi paid him the same $50 an hour for all hours worked:

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| Regular Pay | 8.000000 | $50.0000 | $400.00 | |
| Regular Pay | 10.500000 | $50.0000 | $525.00 | |
| Regular Pay | 11.500000 | $50.0000 | $575.00 | |
| Regular Pay | 10.000000 | $50.0000 | $500.00 | |
| Regular Pay | 10.500000 | $50.0000 | $525.00 | |
| Regular Pay | 10.000000 | $50.0000 | $500.00 | |
| Regular Pay | 11.000000 | $50.0000 | $550.00 | |
| Regular Pay | 8.000000 | $50.0000 | $400.00 | |
| Regular Pay | 0.500000 | $50.0000 | $25.00 | $54,275.00 |
| Straight OT | 16.500000 | $50.0000 | $825.00 | $12,400.00 |

Total Hours Worked 0.000000     Total Hours 96.500000

40.     Aditi requires the other Straight Time Employees to record the number of hours they work, as well.

41.     Like Trammell, the other Straight Time Employees regularly work more than 40 hours a workweek.

42.     The other Straight Time Employees worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

43.     Indeed, like Trammell, the Straight Time Employees typically work 10 to 12 hours a day, for 5 to 7 days a week (50 to 84 hours a workweek).

44.     Trammell and the other Straight Time Employees work in accordance with the schedule set by Aditi (and its clients).

45.     When Trammell and the Straight Time Employees work more than 40 hours in a workweek, Aditi does not pay them overtime wages of at least 1.5 times their regular rates of pay.

46.     Aditi only pays Trammell and the Straight Time Employees straight time for overtime.

47.     Aditi does not pay Trammell and the other Straight Time Employees on a "salary basis."

48.     That is, Aditi does not pay them a guaranteed sum on a weekly or less frequent basis that is not subject to reduction based on the quality or quantity of work.

ORIGINAL COMPLAINT - 5

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

49.     Aditi only pays Trammell and the other Straight Time Employees for the hours they actually work.

50.     Trammell and the Straight Time Employees are non-exempt employees and, therefore, entitled to overtime wages.

51.     But Aditi does not pay them overtime wages when they work more than 40 hours in a workweek, in violation of the FLSA.

COLLECTIVE ACTION ALLEGATIONS

52.     Trammell brings his claims as a collective action on behalf of himself and the other Straight Time Employees.

53.     The Straight Time Employees are uniformly victimized by Aditi's straight time for overtime pay scheme.

54.     Other Straight Time Employees worked with Trammell and indicated they were paid in the same manner, performed similar work, and were subject to Aditi's same straight time for overtime pay scheme.

55.     Based on his experience with Aditi, Trammell is aware Aditi's illegal practices were imposed on other Straight Time Employees.

56.     The Straight Time Employees are similarly situated in the most relevant respects.

57.     Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

58.     Any relevant exemption defenses would require Aditi to pay the Straight Time Employees on a salary basis.

59.     Because Aditi fails the salary basis test with respect to the Straight Time Employees, the specific job duties performed by them are largely irrelevant.

60.     The only relevant issue is whether the Straight Time Employees worked more than 40 hours in a workweek.

61.     Therefore, the specific job titles or precise job locations of the various Straight Time Employees do not prevent collective treatment.

ORIGINAL COMPLAINT - 6

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

62. Rather, Aditi's straight time for overtime pay scheme renders Trammell and the other Straight Time Employees similarly situated for the purpose of determining their right to overtime pay.

63. Aditi's records reflect the number of hours recorded worked each week by the Straight Time Employees.

64. Aditi's records also show the Straight Time Employees were paid "straight time," instead of "time and a half," for hours they worked in excess of 40 a workweek.

65. The back wages owed to Trammell and the other Straight Time Employees can therefore be calculated using the same formula applied to the same records.

66. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Aditi's records, and there is no detraction from the common nucleus of liability facts.

67. Therefore, the issue of damages does not preclude collective treatment.

68. Trammell's experiences are therefore typical of the experiences of the Straight Time Employees.

69. Trammell has no interest contrary to, or in conflict with the other Straight Time Employees.

70. Like each Straight Time Employee, Trammell has an interest in obtaining the unpaid wages owed under federal law.

71. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of this Action.

72. Absent this collective action, many Straight Time Employees will not obtain redress for their injuries, and Aditi will reap the unjust benefits of violating the FLSA.

73. Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome to the judicial system and Aditi.

74. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

ORIGINAL COMPLAINT - 7

75.    The questions of law and fact that are common to each Straight Time Employee predominate over any questions affecting solely the individual members.

76.    Among the common questions of law and fact are:

a.    Whether Aditi applied its straight time for overtime pay scheme to the Straight Time Employees;

b.    Whether Aditi misclassified the Straight Time Employees as exempt from the FLSA's overtime provisions;

c.    Whether the Straight Time Employees are non-exempt employees entitled to overtime wages;

d.    Whether Aditi's straight time for overtime pay scheme satisfies the "salary basis" test;

e.    Whether Aditi's straight time for overtime pay scheme deprived the Straight Time Employees of premium overtime wages they are owed under the FLSA;

f.    Whether Aditi's decision to misclassify the Straight Time Employees as exempt from overtime was made in good faith;

g.    Whether Aditi's decision not to pay the Straight Time Employees overtime wages was made in good faith; and

h.    Whether Aditi's FLSA violations were willful?

77.    Trammell knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

78.    As part of its regular business practices, Aditi intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Straight Time Employees.

79.    Aditi's straight time for overtime pay scheme deprived Trammell and the other Straight Time Employees of the overtime wages they are owed under federal law.

ORIGINAL COMPLAINT - 8

80.    There are many similarly situated Straight Time Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

81.    This notice should be sent to the Straight Time Employees pursuant to 29 U.S.C. § 216(b).

82.    The Straight Time Employees are known to Aditi, are readily identifiable, and can be located through Aditi's business and personnel records.

### ADITI'S VIOLATIONS WERE WILLFUL

83.    Aditi knew it was subject to the FLSA's overtime provisions.

84.    Aditi knew the FLSA required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 a workweek.

85.    Aditi knew each Straight Time Employee worked more than 40 hours in at least one workweek during the three years before this Complaint was filed because it expected and required them to do so.

86.    Aditi knew the Straight Time Employees were its hourly employees.

87.    Aditi knew it paid the Straight Time Employees by the hour.

88.    Aditi knew it paid the Straight Time Employees straight time for overtime.

89.    Aditi knew it did not pay the Straight Time Employees on a "salary basis."

90.    Aditi knew it needed to pass the salary basis test to qualify for any exemptions it might claim with respect to the Straight Time Employees.

91.    Nonetheless, Aditi misclassified the Straight Time Employees as exempt and refused to pay them overtime.

92.    Aditi's decision to misclassify Trammell and the other Straight Time Employees as exempt employees was neither reasonable, nor was the decision to misclassify these employees as exempt made in good faith.

ORIGINAL COMPLAINT - 9

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

93.    Aditi's failure to pay Trammell and the other Straight Time Employees overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

94.    Aditi knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

95.    Aditi knowingly, willfully, and/or in reckless disregard carried out its straight time for overtime pay scheme that deprived the Straight Time Employees of premium overtime wages in violation of the FLSA.

## CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

96.    Trammell brings his FLSA claims as a collective action on behalf of himself and the other Straight Time Employees.

97.    Aditi violated, and is violating, the FLSA by employing non-exempt employees (Trammell and the Straight Time Employees) in a covered enterprise for workweeks longer than 40 hours without paying such non-exempt employees overtime wages at rates not less than 1.5 times their regular rates of pay for hours worked in excess of 40 a workweek.

98.    Aditi's unlawful conduct harmed Trammell and the other Straight Time Employees by depriving them of the overtime wages they are owed.

99.    Accordingly, Trammell and the Straight Time Employees are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

### JURY DEMAND

100.    Trammell demands a trial by jury.

ORIGINAL COMPLAINT - 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

RELIEF SOUGHT

WHEREFORE, Trammell, individually and on behalf of the other Straight Time Employees, seeks the following relief:

a.  An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Straight Time Employees allowing them to join this action by filing their written consent;

b.  An Order pursuant to Section 16(b) of the FLSA finding Aditi liable for unpaid back wages due to Trammell and the other Straight Time Employees, plus liquidated damages in an amount equal to their unpaid wages;

c.  A Judgment against Aditi awarding Trammell and the other Straight Time Employees all their unpaid wages, liquidated damages, and any other penalties available under the FLSA;

d.  An Order awarding attorney's fees, costs, and expenses;

e.  Pre- and post-judgment interest at the highest applicable rates; and

f.  Such other and further relief as may be necessary and appropriate.

Date:   February 6, 2025                    Respectfully submitted,

FRANK FREED SUBIT & THOMAS, LLP

By: */s/ Michael Subit*
    Michael C. Subit, WSBA #29189
    msubit@frankfreed.com
    705 Second Ave., Suite 1200
    Seattle, Washington 98104
    Telephone:  206.682.6711

JOSEPHSON DUNLAP, LLP

    Michael A. Josephson*
    mjosephson@mybackwages.com
    Andrew W. Dunlap*
    adunlap@mybackwages.com
    11 Greenway Plaza, Suite 3050

ORIGINAL COMPLAINT - 11

Houston, Texas 77046
Telephone:  713.352.1100

BRUCKNER BURCH, PLLC

Richard J. (Rex) Burch*
rburch@brucknerburch.com
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: 713.877.8788

*Pro Hac Vice Applications Forthcoming

ATTORNEYS FOR PLAINTIFF
JEREMY TRAMMELL
& THE STRAIGHT TIME EMPLOYEES

ORIGINAL COMPLAINT - 12