THE HONORABLE JUDGE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Jeremy Trammell, Individually and for Other Similarly Situated,

        Plaintiff,

    v.

ADITI CONSULTING LLC, a Washington limited liability company,

        Defendant.

Case No.:  2:25-cv-00243-RSL

ANSWER TO ORIGINAL
COLLECTIVE ACTION COMPLAINT

Defendant Aditi Consulting LLC ("Aditi") admits, denies, and alleges as follows:

**SUMMARY**

1. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies the allegations as they relate to Trammell's purported ability to adequately represent the putative Class. Aditi further denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined.

2. Aditi admits that it previously employed Plaintiff Jeremy Trammell. The remainder of this paragraph constitutes arguments and conclusions of law to which no response is required. To the extent that the matters in this paragraph may be deemed to contain averments of material fact, they are denied.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 1

3.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.  Aditi admits that Trammell was paid an hourly wage, but denies that he is owed any unpaid overtime wages.  To the extent that matters in this paragraph may be deemed to contain averments of material fact, they are denied.

4.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action; that Trammell's claims and/or defenses meet the typicality requirements; or that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.  As such, Aditi denies the averments of fact contained in this paragraph.

5.      Denied.

6.      Denied.  Aditi denies that common questions of law or fact predominate this action; that Trammell's claims and/or defenses meet the typicality requirements; or that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.

7.      Denied.  Aditi denies that common questions of law or fact predominate this action; that Trammell's claims and/or defenses meet the typicality requirements; or that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.

8.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 2

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

that common questions of law or fact predominate this action; that Trammell's claims and/or defenses meet the typicality requirements; or that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.

9.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.

## JURISDICTION & VENUE

10.    Admit.

11.    Admit.

12.    Admit.

## PARTIES

13.    Admit.

14.    Aditi admits Trammell was paid an hourly wage during his employment.  To the extent this paragraph implies that Aditi owes Trammell any unpaid wages, Aditi denies those averments.

15.    Exhibit 1 speaks for itself and this paragraph requires no response.

16.    This paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Aditi denies that Trammell is a proper class representative or that he has properly defined a putative Class.

17.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  This paragraph also relies on an improperly defined putative Class to incorrectly presume uniform and/or unlawful conduct.  To the extent that matters in this paragraph may be deemed to contain averments of material fact, they are denied.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 3

18.     This paragraph constitutes legal conclusions and consists of Trammell's articulation of his putative Class definition, to which no response is required. To the extent a response is required, Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint. Any remaining factual allegations in this paragraph no specifically admitted are denied.

19.     Admit.

20.     Admit.

21.     Admit.

## COVERAGE UNDER THE FLSA

22.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Aditi admits only that 29 U.S.C. § 203(d) speaks for itself.

23.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Aditi admits only that 29 U.S.C. § 203(r) speaks for itself.

24.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Aditi admits only that 29 U.S.C. § 203(s)(1) speaks for itself.

25.     Admit.

26.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Aditi admits only that 29 U.S.C. § 203(e)  speaks for itself.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 4

27. The allegations contained in this paragraph constitute legal conclusions to which no response is required.

**FACTS**

28. Admit.

29. Aditi admits that its employees are one manner in which Aditi strives to meet its business objectives. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint. Any facts not specifically admitted in this paragraph are denied.

30. Denied. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.

31. Denied. Aditi denies that common questions of law or fact predominate this action or Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint. Any facts not specifically admitted in this paragraph are denied.

32. Denied. Aditi denies that common questions of law or fact predominate this action or Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.

33. Denied. Aditi denies that common questions of law or fact predominate this action or Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint.

34. Admit.

35. Admit.

36. Aditi admits that the hours Trammell worked varied each workweek, and his timesheets speak for themselves.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 5

37. To the extent this paragraph implies that Aditi owes Trammell any unpaid wages, that is denied. Aditi admits it has paid Trammell for all hours actually worked. Any facts not specifically admitted in this paragraph are denied.

38. Aditi admits that Trammell recorded his hours worked in its designated timekeeping system, that his regular rate of pay was $50.00 per hour, and that it paid him for all hours actually worked. To the extent this paragraph implies that Aditi owes Trammell any unpaid wages, that is denied. Any facts not specifically admitted in this paragraph are denied.

39. Trammell's timesheet for the January 16, 2024, to January 31, 2024, speaks for itself. To the extent this paragraph implies that Aditi owes Trammell any unpaid wages, that is denied.

40. Aditi denies that common questions of law or fact predominate this action or Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint. Aditi admits that many of its employees track their hours worked in the designated timekeeping system.

41. Denied. Aditi denies that common questions of law or fact predominate this action; that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint; or that Trammell can meet the typicality requirements.

42. Denied. Aditi denies that common questions of law or fact predominate this action or Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint. The schedules and hours of Aditi's hourly employees are not sufficiently consistent or uniform to extrapolate a common plan or practice for all.

43. Denied. Aditi denies that common questions of law or fact predominate this action or Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 6

defined in the Complaint. The timesheets for Trammell's putative Class speak for themselves and require no response. Any factual allegations not specifically admitted in this paragraph are denied.

44.    Aditi denies that common questions of law or fact predominate this action; that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint; or that Trammell can meet the typicality requirements. Depending on the assignment, contract, and/or client, Aditi admits that its employees' schedules are generally set by either the client with which the employee is placed and/or the Aditi manager supervising the employee.

45.    Denied. Aditi denies that common questions of law or fact predominate this action; that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint; or that Trammell can meet the typicality requirements.

46.    Denied. Aditi denies that common questions of law or fact predominate this action; that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint; or that Trammell can meet the typicality requirements.

47.    Denied. Aditi denies that common questions of law or fact predominate this action; that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint; or that Trammell can meet the typicality requirements.

48.    Admit.

49.    Aditi denies that common questions of law or fact predominate this action; that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the Complaint; or that Trammell can meet the typicality requirements. Aditi admits that it pays its employees for all hours actually worked and denies any remaining allegations not specifically admitted.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 7

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

50. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.

51. Denied.

### COLLECTIVE ACTION ALLEGATIONS

52. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies the allegations as they relate to Trammell's purported ability to adequately represent the putative Class. Aditi further denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined.

53. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's claims and/or defenses meet the typicality requirements. Any remaining factual allegations in this paragraph not specifically admitted are denied.

54. Aditi lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

55. Aditi lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

56. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's claims and/or defenses meet the typicality requirements. Any remaining factual allegations in this paragraph not specifically admitted are denied.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 8

57.     The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's claims and/or defenses meet the typicality requirements.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

58.     The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's claims and/or defenses meet the typicality requirements.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

59.     The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's claims and/or defenses meet the typicality requirements.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

60.     The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action, that Trammell's claims and/or defenses meet the typicality requirements, or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

61.     The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's claims and/or

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 9

defenses meet the typicality requirements. Any remaining factual allegations in this paragraph not specifically admitted are denied.

62. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action, that Trammell's claims and/or defenses meet the typicality requirements, or that Trammell's putative Class is appropriate in this action. Any remaining factual allegations in this paragraph not specifically admitted are denied.

63. Aditi's timekeeping records speak for themselves and require no response. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's claims and/or defenses meet the typicality requirements. Any remaining factual allegations in this paragraph not specifically admitted are denied.

64. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action, that Trammell's claims and/or defenses meet the typicality requirements, or that Trammell's putative Class is appropriate in this action. Any remaining factual allegations in this paragraph not specifically admitted are denied.

65. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action, that Trammell's claims and/or defenses meet the typicality requirements, or that Trammell's putative Class is appropriate in this action. Any remaining factual allegations in this paragraph not specifically admitted are denied.

66. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 10

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

that common questions of law or fact predominate this action, that Trammell's claims and/or defenses meet the typicality requirements, or that Trammell's putative Class is appropriate in this action. Any remaining factual allegations in this paragraph not specifically admitted are denied.

67.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action, that Trammell's claims and/or defenses meet the typicality requirements, or that Trammell's putative Class is appropriate in this action. Any remaining factual allegations in this paragraph not specifically admitted are denied.

68.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that Trammell can meet the typicality requirements in this action.

69.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies the allegations in this paragraph, particularly as they relate to Trammell's purported ability to represent the putative Class.

70.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that common questions of law or fact predominate this action, that Trammell's claims and/or defenses meet the typicality requirements, or that Trammell's putative Class is appropriate in this action. Any remaining factual allegations in this paragraph not specifically admitted are denied.

71.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies that Trammell can meet the superiority requirement in this action.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 11

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

72.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that Trammell can meet the superiority requirement in this action.

73.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that Trammell can meet the superiority requirement in this action.

74.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that Trammell can meet the superiority requirement in this action.

75.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

76.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

a.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 12

is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

b.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

c.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

d.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

e.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 13

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

f.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

g.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

h.      The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

77.     The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that Trammell can meet the superiority requirement in this action.

78.     The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that common questions of law or fact predominate this action or that Trammell's putative Class is appropriate in this action.  Any remaining factual allegations in this paragraph not specifically admitted are denied.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 14

79.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.

80.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

81.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.

82.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies that Trammell can meet the superiority requirement in this action.

## ADITI'S VIOLATIONS WERE WILLFUL

83.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.

84.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

85.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

86.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 15

87. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

88. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

89. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

90. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

91. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

92. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

93. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

94.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined in the complaint.

95.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  Aditi denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined.

**CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**
**(FLSA COLLECTIVE)**

96.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies the allegations as they relate to Trammell's purported ability to adequately represent the putative Class.  Aditi further denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined.

97.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies the allegations as they relate to Trammell's purported ability to adequately represent the putative Class.  Aditi further denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined.

98.    The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required.  To the extent a response is required, Aditi denies the allegations as they relate to Trammell's purported ability to adequately represent the putative Class.  Aditi further denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 17

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

99. The allegations contained in this paragraph constitute argument and legal conclusions to which no response is required. To the extent a response is required, Aditi denies the allegations as they relate to Trammell's purported ability to adequately represent the putative Class. Aditi further denies that Trammell's putative Class is appropriate or ascertainable in this action, or that it is properly defined.

## JURY DEMAND

100. There are no factual averments in this paragraph which require a response.

## RELIEF SOUGHT

The remainder of the Complaint is Trammell's prayer for relief. Aditi denies that Trammell or the putative Class are entitled to any relief whatsoever asserted in the Complaint or Request for Relief.

## AFFIRMATIVE DEFENSES

At this time, Aditi is in the process of conducting a full inquiry of the facts underlying Trammell's claims. Based upon present knowledge, information, and belief formed prior to discovery, Aditi interposes the following defenses, some or all of which may be ultimately supported by the facts to be revealed in discovery and investigation of this case. Aditi further reserves the right to amend its Answer by way of further claims, defenses, and third-party claims as additional facts are obtained through investigation and discovery. Upon request, and after having conducted discovery in this case, Aditi will voluntarily withdraw those of the following defenses that are unsupported by the facts as revealed in discovery and investigation. On the basis of the above, Aditi alleges as follows:

1. Aditi denies any factual allegations in the Complaint not expressly admitted.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 18

2.       Trammell's claims, individually and on behalf of the putative Class, fail, in whole or in part, to state a claim upon which relief may be granted.

3.       Some or all of Trammell's claims individually and on behalf of the putative Class may be barred, in whole or in part, because Trammell and/or some or all putative Class members lack standing because they have not experienced any cognizable harm.

4.       Aditi is not the legal, proximate, or substantial cause of any of the damages alleged by Trammell individually or on behalf of the putative Class.

5.       Trammell's claims individually and on behalf of the putative Class as set forth in the Complaint cannot and should not be maintained as a class action because those claims fail to meet the necessary requirements for class certification under Fed. R. Civ. P. 23, including but not limited to lack of ascertainability, typicality, commonality, numerosity, manageability, and superiority; inadequacy of the proposed class representative; predominance of individual issues over any common issues; and lack of a community interest among the putative Class.

6.       Trammell's claims individually and on behalf of the putative Class are barred by the doctrines of waiver, estoppel, unclean hands, acquiescence, laches, avoidable consequences, ratification, offset, failure to mitigate, and/or consent.

7.       Trammell's claims and/or the claims of some or all of the putative Class may be barred, limited, and/or waived by a settlement, judgment, payment, and/or applicable bankruptcy laws.

8.       To the extent any sum may be found due and owing to Trammell or putative Class members, Aditi is entitled to an offset against any damages awarded due to accord and satisfaction and/or for amounts paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to any amounts paid to which they were not otherwise entitled or

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 19

any amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

9.      Trammell and/or the putative Class members have already been compensated for all hours worked.

10.      Trammell's damages, if any, as well as those of any putative Class member, if any, were proximately caused by or contributed to by acts, omissions, breaches of contract, and/or other legal duties of Trammell and the putative Class members, respectively.

11.      All or a portion of Trammell's claims and/or the claims of some or all putative Class are barred by the statute of limitations or other applicable limitation periods.

12.      Trammell, as well as various members of the putative Class he seeks to represent, have failed to mitigate their alleged damages, if any.

13.      All of the alleged acts and conduct of Aditi were reasonable, privileged, justified, and/or undertaken in good faith with reasonable grounds for believing that it was in full compliance with the FLSA.

14.      Certification of a class based on the criteria set forth in Plaintiff's Complaint would violate due process, the U.S. and Washington Constitutions, and the Civil Rules.

15.      To the extent Trammell seeks exemplary damages, Trammell and/or various members of the putative Class knowingly submitted to the conduct forming the basis of the Complaint.

16.      Trammel and the putative Class are not entitled to have their request for actual damages, attorney fees, costs, or matters of equity tried to a jury.

17.      Aditi's defenses above are likewise asserted as defenses to the claims of any and all members of any Class that may be certified in this case.

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 20

**PRAYER FOR RELIEF**

WHEREFORE, Aditi prays for relief as follows:

1.      That Trammell take nothing by the Complaint and that it be dismissed with prejudice;

2.      That certification of the putative Class be denied;

3.      An award to Aditi of its attorney fees and costs to the extent permitted by law, equity, or court rule; and

4.      Any other relief the Court may deem just and equitable.

DATED this 6th day of March, 2025.

Respectfully submitted,

STOKES LAWRENCE, P.S.

By:    _/s/Chrystina R. Solum_
        Chrystina R. Solum (WSBA #41108)
        Christopher R. Comley (WSBA #57136)
        1420 Fifth Avenue, Suite 3000
        Seattle, WA 98101-2393
        Telephone: (206) 626-6000
        Fax: (206) 464-1496
        Chrystina.Solum@stokeslaw.com
        christopher.comley@stokeslaw.com
        *Attorneys for Defendant*

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 21

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March 2025, I caused the foregoing Answer to Complaint to be:

☒      electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael C. Subit
Frank Freed Subit & Thomas, LLP
705 Second Ave. Suite 1200
Seattle, WA 98104

Alyssa J. White
Michael A. Josephson
Josephson Dunlap, LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington, this 6th  day of March, 2025.


                              */s/ Charlotte Edwards*
                              Charlotte Edwards, Practice Assistant

ANSWER TO ORIGINAL COLLECTIVE ACTION COMPLAINT - 22